NO. 279414

# MELISSA HARRELL, CLERK

RUTHERFORD COUNTY CIRCUIT COURT
CIVIL DIVISION

201 JUDICIAL BUILDING
MURFREESBORO, TN 37130
898-7820

Receipt No. : 279414

Date : 02-21-17 Time : 11:18am
Case No. : 90017

Received of : COPIES/72359

Amount : ELEVEN DOLLARS AND 0 CENTS

Plaintiff :
Defendant :

Clerk Fee : 11.00 Trial Judge :

| | | | | |
|---|---|---|---|---|
| Officer Fee : | 0.00 | Settlement Judge : | | |
| County Lit. : | 0.00 | | | |
| Bldg. Tax : | 0.00 | | | |
| State Lit. : | 0.00 | | | |
| DP Clerk : | 0.00 | State Tax | : | 0.00 |
| Court Cost : | 0.00 | | | |
| Funds : | 0.00 | | | |
| CLK DP (2012) | 0.00 | | | |
| Judgment : | 0.00 | | | |
| County Fines : | 0.00 | | | |
| Domestic Viol.: | 0.00 | | | |
| DP Officer : | 0.00 | | | |
| Indigent Fee : | 0.00 | | | |
| Court Security: | 0.00 | | | |
| Add Co Tax: | 0.00 | | | |
| Archive Fee: | 0.00 | | | |
| Del Fee | 0.00 | | | |
| Total CA | 11.00 | Clerk | : | ME |

IF PAYMENT IS MADE BY CHECK THIS RECEIPT IS NOT VALID UNTIL CHECK HAS BEEN HONORED BY THE BANK ON WHICH IT WAS DRAWN.

MELISSA HARRELL, CLERK

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

FILED
FEB 06 2017
_____O'CLOCK_____M
MELISSA HARRELL, CLERK
DEPUTY CLERK

January 27, 2017

U S A A General Indemnity Company
800 S. Gay Street, Suite 2021, C/O Ct Corp
Knoxville, TN 37929
NAIC # 18600

Certified Mail
Return Receipt Requested
7016 0750 0000 2778 7081
Cashier # 30288

Re: Gregory D. Barnett And Jamie Barnett V. U S A A General Indemnity Company

Docket # 72359

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served January 26, 2017, on your behalf in connection with th above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
Rutherford County
20 Public Square North, Rm 201
Murfreesboro, Tn 37130

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This 21 day of February 2017
MELISSA HARRELL
Deputy Clerk

**THE STATE OF TENNESSEE, RUTHERFORD COUNTY**
**CIRCUIT COURT**

**GREGORY D. BARNETT and JAMIE BARNETT,**

**Plaintiffs,**

**vs.**

**USAA GENERAL INDEMNITY COMPANY,**

**Defendant.**

**SUMMONS IN A CIVIL ACTION**

**NO.** 72359

**Address:**

**USAA GENERAL INDEMNITY CO.**
**c/o Commissioner of Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37245**
**PLEASE SERVE THROUGH THE COMMISSIONER OF INSURANCE**

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Jonathan L. Bobbitt, Gilbert Russell McWherter Scott & Bobbitt PLC,** who is Plaintiff's Attorney, whose address is **341 Cool Springs Blvd., Suite 230, Franklin, TN 37067**, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 13 day of January, 2017.

By: ____________________
Deputy Clerk

---

**RETURN ON SERVICE OF SUMMONS**

I hereby certify and return, that on the _____ day of ______________________, 2017, I served this summons together with a copy of the complaint herein as follows: ____________

______________________________________________________________

______________________________________________________________

______________________________________________________________

____________________
Sheriff

____________________
Deputy Sheriff

IN THE CIRCUIT COURT OF RUTHERFORD COUNTY, TENNESSEE

GREGORY D. BARNETT and
JAMIE BARNETT,

Plaintiffs,

v.

Cause No. 72359

USAA GENERAL INDEMNITY COMPANY,

JURY DEMANDED

Defendant.

FILED
JAN 13 2017
1:30 O'CLOCK P M
MELISSA HARRELL, CLERK
DEPUTY CLERK

## COMPLAINT

COME NOW the Plaintiffs, Gregory D. Barnett and Jamie Barnett, by and through counsel, and submit the following for their Complaint against USAA General Indemnity Company:

**PARTIES AND JURISDICTION**

1. Gregory D. Barnett and Jamie Barnett (hereafter "Plaintiffs") are residents of College Grove, Rutherford County, Tennessee. At all times relevant hereto, Plaintiffs were the owners of the real estate, dwelling, other structures, and personal property located at 2362 Greenwood Rd., College Grove, Tennessee (the "Insured Premises").

2. Defendant, USAA General Indemnity Company (hereafter "USAA") is an insurance company engaged in the insurance business in the State of Tennessee, including Rutherford County. Upon information and belief, USAA's principal office is located in the State of Texas.

3. This Complaint originates as the result of a fire that substantially and/or totally damaged or destroyed the barn, or other structure, and personal property therein located on the Insured Premises.

**FACTS**

4. At all times relevant hereto, Plaintiffs were parties to an insurance contract whereby USAA agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, upon information and belief bearing Policy No. GIC 01878 83 55 90A (the "Policy"). The Policy's term was October 7, 2015 to October 7, 2016. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of, among other things, a barn covered under Coverage B – Other Structures Protection pursuant to the Policy (herein the "Barn").

6. The Policy provided insurance coverage for sudden and accidental direct physical loss to the dwelling and other structures located on the Insured Premises, as well as personal property. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the following amounts:

a. Dwelling Protection $208,000

b. Other Structures $104,000

c. Personal Property $156,000

d. Loss of Use (up to 12 months) $UNLIMITED

8. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of accidental direct physical loss except for those specifically excluded by the Policy.

9. Pursuant to the Policy, Plaintiffs paid an annual premium to USAA in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

10. On or about March 19, 2016, an accidental fire damaged and/or destroyed the Barn and personal property located in and surrounding the Barn, resulting in a total loss (the "Loss").

11. Plaintiffs promptly reported the Loss to USAA. USAA does not dispute that the fire causing the Loss was accidental.

12. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them.

13. The Policy was in place at the time of the Policy and, as it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

14. Despite the fact that Plaintiffs have fulfilled all duties imposed upon them by USAA and is at no fault in this matter, USAA has wrongfully failed and/or refused to fully and promptly pay Plaintiffs' claim for insurance proceeds.

15. Specifically, Plaintiffs submitted a proof of loss to USAA on June 27, 2016, together with supporting documentation in addition to what had already been provided to USAA. In their proof of loss, Plaintiffs made claim for damage to the Barn in the amount of $104,000 and for damage to their personal property in the amount of $74,374.27. Plaintiffs also claimed $5,200 for debris removal. Plaintiffs' claim on the Barn, personal property, and debris removal totaled $183,574.27. Plaintiffs also reserved their right to make a claim for an additional 25% coverage available under the policy's Home Protection Coverage.

16. Pursuant to the Policy, payment was due within 60 days of Plaintiffs' submission of their proof of loss. USAA breached that obligation.

17. Since the Plaintiffs' submission of their claim (virtually immediately upon the Loss), the Examinations Under Oath (June 23, 2016) and submission of proof of loss (June 27, 2016), Plaintiffs made multiple attempts to obtain information from USAA concerning the status of their claim, including emails and phone calls to USAA's adjuster assigned to the claim and counsel.

18. Finally, on November 30, 2016, 256 days following the Loss, 160 following the EUOs and 156 days following the proof of loss, USAA formally denied the claim based on intentional concealment and misrepresentation.

19. USAA's failure and refusal to pay Plaintiffs the amounts owed to them for the Loss is without justification.

20. USAA's failure and refusal to pay the money and benefits due and owing Plaintiffs under the Policy has caused Plaintiffs to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract (against USAA)

21. The allegations contained in Paragraphs 1-20 of this Complaint are incorporated herein by reference as if set forth verbatim.

22. The Policy issued by USAA is a binding contract, and is supported by valid consideration.

23. USAA is in total material breach of the Policy, and USAA is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, USAA's breach of

contract includes the following, without limitation: (a) USAA's failure and refusal to pay the amounts owed to Plaintiffs for the damage to the dwelling on the Insured Premises caused by the Loss; (b) USAA's failure and refusal to pay the amounts owed to Plaintiffs for the personal property that was damaged during the Loss; (c) USAA's failure and refusal to pay all amounts owed to Plaintiffs for damage to trees, shrubs, plants and as a result of the Loss; (d) USAA's failure and refusal to pay all amounts owed to Plaintiffs for the costs of debris removal associated with the Loss; (e) USAA's failure and refusal to fully pay Plaintiffs their additional living expenses to the extent any were incurred as a result of the Loss; and (f) USAA's failure and refusal to pay such other amounts to Plaintiffs as may be required by the Policy.

24. As a result of USAA's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy.

25. USAA is liable to Plaintiffs for their losses.

26. USAA's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256 (Tenn. Ct. App. 2013). Specifically, USAA intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiffs' claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (4) ignored Plaintiffs' claim for no valid reason whatsoever; (5) failed to treat Plaintiffs' interests with equal regard to its own; (6) promised prompt action and claim-handling but the failed to provide any payment or even any communication or status report; (7) ignored Plaintiffs' requests for status updates; (8) failed to

acknowledge with reasonable promptness communications from Plaintiffs; (9) failed and refused to pay Plaintiffs' valid claim; (10) failing to provide any explanation whatsoever for its delay; (11) initially accused Plaintiffs of operating a business upon the Insured Premises, despite clear evidence to the contrary, in an effort to further delay payment of the valid claim; (12) refused to return Plaintiffs' phone calls; and (13) failed to timely investigate, scope, and estimate the Loss. USAA knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, USAA consciously ignored Plaintiffs' valid claim and then denied Plaintiffs' claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seek, and are entitled to, punitive damages.

**Count II – Statutory Bad Faith**

27. The allegations contained in the preceding paragraphs of this Complaint are incorporated by reference as if set forth verbatim herein.

28. Defendant's refusal and failure to pay the amounts contractually owed to Plaintiffs is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy, for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

29. The bad faith of Defendant is evidenced by the fact that, at all times material hereto, Defendant knew, or reasonably should have known that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy and as otherwise promised and represented by Defendant, as well as the actions of Defendant as set forth above and below.

Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Defendant consciously refused to full pay Plaintiffs for their insured losses and withheld monies and benefits rightfully due Plaintiffs.

30. Defendant's bad faith is evidenced by all of the facts and allegations set forth above and below in this Complaint, together with the following:

a. Defendant's intentional failure to fully inform Plaintiffs of their rights and obligations under the Policy;

b. Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim when liability was reasonably clear;

c. Defendant's intentional refusal to pay Plaintiffs' claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

d. Defendant's intentional refusal to fully investigate Plaintiffs' claim and to obtain all available information before alleging that it had no further obligations to Plaintiffs;

e. Defendant' engaging in acts and practices towards the Plaintiffs that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to the Plaintiffs;

f. Defendant's failure to promptly provide Plaintiffs with a reasonable and accurate explanation for its refusal to pay their claim;



Case 3:17-cv-00393 Document 1-1 Filed 02/24/17 Page 10 of 13 PageID #: 16

g. Defendant's intentional failure to properly adjust Plaintiffs' claim and to pay Plaintiff fully for their losses;

h. Defendant's intentional failure to pay all amounts due and owing to Plaintiffs under the Policy with no reasonable or justifiable basis;

i. Defendant's unjustified refusal to pay Plaintiffs' claim for its own financial preservation;

j. Defendant's wrongful, intentional, and repeated withholding of benefits due Plaintiff pursuant to the terms of the Policy; and

k. Defendant's engaging in a systematic scheme designed to save money otherwise due and owing to Plaintiff sand other similarly situated insureds as a cost-saving mechanism.

31. In so acting, Defendant intended to and did injure Plaintiffs in order to protect its own financial interests, and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

A. For compensatory damages to Plaintiffs against USAA not to exceed $250,000.00;

B. For punitive damages against USAA not to exceed $2,500,000.00, or in such amount as authorized by law;

C. For the twenty-five percent (25%) statutory bad faith penalty;

D. For all costs incurred by Plaintiffs as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a jury.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT, PLC

JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 *Facsimile*

**COST BOND**

This firm stands as surety for costs in this cause.



GILBERT | RUSSELL | MCWHERTER
SCOTT | BOBBITT PLC

101 N. Highland Ave | Jackson, TN 38301 | 731.664.1340 (T)

January 3, 2017

FILED
JAN 13 2017
1:30 O'CLOCK P M
MELISSA HARRELL, CLERK
DEPUTY CLERK

Rutherford County Circuit Court
Judicial Building – Room 201
20 Public Square North
Murfreesboro, TN 7130

Re: Gregory and Jamie Barnett v. USAA General Indemnity Company
Our File No. 3058-1

Dear Mr. Moore:

Enclosed, please find a Complaint and Summons that I request be filed in your office with regard to the above referenced matter. I have also enclosed a check made payable to the clerk's office in the amount of $389.50 to cover the filing fee as well as a separate check made payable to the Commissioner of Insurance in the amount of $20.00 for service of the Summons upon the Defendant in this matter. Once these documents have been filed I would ask that you please return a stamp "Filed" copy to me in the enclosed envelope.

Thank you in advance for your assistance with this matter.

Yours very truly,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

Jonathan L. Bobbitt

JLB/cs
Enclosures

CHATTANOOGA OFFICE: 100 W. Martin Luther King Blvd, Suite 504 | Chattanooga, TN 37402 | 423.499.3044 (T)
NASHVILLE OFFICE: 341 Cool Springs Boulevard, Suite 230 | Franklin, TN 37067 | 615.354.1144 (T)
MEMPHIS OFFICE: 6000 Poplar Ave, Suite 250 | Memphis, TN 38119 | 901.766.1868 (T)
www.gilbertfirm.com